UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Karen Moore, | ) C/A No.: 2:13-1744-RMG-BM |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) Report and Recommendation |
| United States Congress, | ) |
| U.S. House of Representatives; | ) |
| | ) |
| Defendant(s). | ) |
| | ) |

Plaintiff, proceeding *pro se*, filed this matter on June 26, 2013 pursuant to 42 U.S.C. § 1983 against the United States Congress. Plaintiff alleges, *inter alia*, that:

> "the US Congress in its drafting an amendment to the US Constitution failed to follow through on abolishing slavery when it created the 13th amendment. Because the 13th amendment concerning indentured servitude while imprisoned still leaves room for slavery by way of inveigle, I am requesting that the amendment and law be addressed by the 113th Congress."

[ECF No. 1, p.1]

In the body of her Complaint she states, in part:

> "[t]he private thoughts of an individual have been acknowledged by previous Congresses with the creation of a large body of copyright law. So a person who is forced to be drugged to testify or forced to use their intellectual know-how or creativity while in captivity is a seizure of the inmates or person's property. ... [p]eople with such talents can easily be falsely accused and held on a court docket for quite a while. While in prison, they can be used under fair market value for their

1

talents and education."

Id. at 2.

In her prayer for relief, she seeks the following:

"I am seeking that the 113th Congress address the issue in the following ways: (A) Remove the indentured servitude clause in the 13th Amendment. Make work in prison voluntary. An inmate does not become a government employee on arrest. (B) Make clear and distinct determinations of fair compensation that is relevant to the fair market value of the date of the current seizure, specifically a) homes are seized to create highways b) [i]ntellectual property, such as computer software. C) Those seizures that are for the public good are stricter; such as national security, not the creation of designs and calendars for, say, someone's family business."

Id. at 3.

A review of Plaintiff's answers to the Rule 26.01 Interrogatories shows that this matter concerns, in part, Plaintiff's business. (ECF No. 3). Plaintiff indicates in part that "[t]he level of fraud [she has] experienced trying to run [her] business is daunting; [She] fear[s] if [she is] ever in a situation in which [she is] incarcerated, that [she] will be used to further someone else's business illegally. Id. at 1.

## Discussion

Under established local procedure in this judicial district, a careful review has been made of the *pro se* complaint pursuant to the procedural provisions of 28 U.S.C. § 1915 and in light of the following precedents: Neitzke v. Williams, 490 U.S. 319, 324-25 (1989); Estelle v. Gamble, 429 U.S. 97 (1976); Haines v. Kerner, 404 U.S. 519 (1972); and Gordon v. Leeke, 574 F.2d 1147 (4th Cir. 1978). Section 1915 permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. However, to protect against possible abuses of this privilege, the statute allows a district court to dismiss a case upon a finding

2

that the action "fails to state a claim on which relief may be granted" or is "frivolous or malicious." 28 U.S.C. §1915(e)(2)(B)(i), (ii). Hence, under 28 U.S.C. §1915(e)(2)(B), a claim based on a meritless legal theory may be dismissed *sua sponte*. Neitzke v. Williams, 490 U.S. 319 (1989). Although this court is also required to liberally construe *pro se* documents, Estelle v. Gamble, 429 U.S. 97, 97 S. Ct. 285 (1976), holding them to a less stringent standard than those drafted by attorneys, Hughes v. Rowe, 449 U.S. 5, 101 S. Ct. 173 (1980)*(per curiam)*, even when considered under this less stringent standard, the *pro se* complaint here is subject to summary dismissal. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. Weller v. Department of Social Services, 901 F.2d 387 (4th Cir. 1990).

First, insofar as Plaintiff is challenging the actions of the individual members of the United States Congress (House and Senate), those individual members of the House and Senate are immune from suit because of legislative immunity. *See* Bogan v. Scott-Harris, 523 U.S. 44 (1998) (legislators at all levels of government are entitled to immunity for "legislative activities"); Tenney v. Brandhove, 341 U.S. 367 (1951)(committee and its individual members were acting in the sphere of legitimate legislative activities). *See also* Lake Country Estates, Inc. v. Tahoe Regional Planning Agency, 440 U.S. 391, 403 (1979) (legislative immunity extends to "regional" legislatures). Furthermore, a federal district court may not ask present or former members of legislative bodies why they passed or did not pass a particular statute, or why they authorized funds for one purpose and did not authorize funds for another purpose, or instruct them to pass or not pass legislation. South Carolina Education Association v. Campbell, 883 F.2d 1251 (4th Cir. 1989)(legislation did not fall into any exception that would justify judicial inquiry into legislative motive). *Cf.* Sea Cabin

3

on Ocean IV Homeowners Association v. City of North Myrtle Beach, 828 F. Supp. 1241, 1242 n. 1 (D.S.C. 1993)(mayor sued in his official capacity enjoys absolute legislative immunity from suit in Section 1983 action).

Finally, Plaintiff lacks standing to even bring her claims. The power of federal courts to entertain suits is circumscribed by Article III of the United States Constitution, which limits judicial authority to "Cases" and "Controversies." Lujan v. Defenders of Wildlife, 504 U.S. 555, 559-60, 112 S.Ct. 2130 (1992); Warth v. Seldin, 422 U.S. 490, 498, 95 S.Ct. 2197 (1975)(same). "[T]he doctrine of standing serves to identify those disputes which are appropriately resolved through the judicial process," and thus meet the requirements of Article III. Whitmore v. Arkansas, 495 U.S. 149, 154-55, 110 S.Ct. 1717 (1990). The standing doctrine has both constitutional and prudential components. Allen v. Wright, 468 U.S. 737, 751, 104 S.Ct. 3315 (1984). In order to satisfy the constitutional component of standing, a party must meet three requirements:

> (1) [the party] has suffered an "injury in fact" that is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical; (2) the injury is fairly traceable to the challenged action of the defendant; and (3) it is likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision.

Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc., 528 U.S. 167, 180-81, 120 S.Ct. 693 (2000) (citing Lujan, 504 U.S. at 560-61, 112 S.Ct. 2130); *accord* Long Term Care Partners, LLC v. United States, 516 F.3d 225, 231 (4th Cir.2008). With regard to the prudential component of standing, courts generally recognize three self-imposed constraints. *See* Valley Forge Christian Coll. v. Ams. United for Separation of Church & State, Inc., 454 U.S. 464, 474-75, 102 S.Ct. 752 (1982); Allen, 468 U.S. at 751. First, "when the asserted harm is a 'generalized grievance' shared in substantially equal measure by all or a large class of citizens, that harm alone normally does not

4

warrant exercise of jurisdiction." Warth, 422 U.S. at 499; *see, e.g.*, United States v. Richardson, 418 U.S. 166, 94 S.Ct. 2940 (1974). Second, "the plaintiff generally must assert his own legal rights and interests, and cannot rest his claim to relief on the legal rights or interests of third parties." Warth, 422 U.S. at 499; *accord* Valley Forge, 454 U.S. at 474, 102 S.Ct. 752. Third, "a plaintiff's grievance must arguably fall within the zone of interests protected or regulated by the statutory provision or constitutional guarantee invoked in the suit." Bennett v. Spear, 520 U.S. 154, 162, 117 S.Ct. 1154 (1997); *see, e.g.*, Ass'n of Data Processing Serv. Orgs., Inc. v. Camp, 397 U.S. 150, 153, 90 S.Ct. 827 (1970).

Here, Plaintiff has failed to establish that she has suffered an "injury in fact." Indeed, to the extent she articulates a grievance, she seems to assert a "generalized grievance" which might be shared in substantially equal measure by all or a large class of citizens. As noted above, however, that harm alone normally does not warrant exercise of jurisdiction. Additionally, she has not asserted that she is a part of the generalized class, nor can she do so, since the class to which she is referring consists of incarcerated individuals, and Plaintiff is not incarcerated. Therefore, she has not asserted her own legal rights and interests, and cannot rest her claim to relief on the legal rights or interests of third parties, if, in fact, such a claim exists. In determining whether a party has standing to bring suit, the party invoking the jurisdiction of the court bears the burden of establishing standing. FW/PBS, Inc. v. City of Dallas, 493 U.S. 215, 231, 110 S.Ct. 596 (1990); Miller v. Brown, 462 F.3d 312, 316 (4th Cir.2006). Plaintiff has simply failed to meet her burden to establish that she has presented a case or controversy over which this court would have jurisdiction. Further, even if Plaintiff could plead an injury in fact, for the reasons already stated, she has named Defendant's who are immune from suit.

5

## **RECOMMENDATION**

Accordingly, it is recommended that the Court dismiss the complaint in the above-captioned case *without prejudice* and without issuance and service of process.

Bristow Marchant
United States Magistrate Judge

July 18, 2013
Charleston, South Carolina

***Plaintiff's attention is directed to the important notice on the next page.***



6

### Notice of Right to File Objections to Report and Recommendation

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> Post Office Box 835
> Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).



7