IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

2013 AUG -8 P 2: 27

| | |
|---|---|
| Karen Moore, | ) |
|                  Plaintiff, | ) No. 2:13-cv-1744-RMG |
| v. | ) **ORDER** |
| United States Congress, U.S. House of Representatives, | ) |
|                  Defendants. | ) |

This matter is before the Court on the Report and Recommendation ("R&R") of the Magistrate Judge recommending that the Court dismiss this action without prejudice and without issuance and service of process. (Dkt. No. 11). For the reasons set forth below, the Court agrees with and adopts the R&R as the order of the Court.

## Background

Plaintiff, proceeding *pro se* and *in forma pauperis*, filed this action on June 26, 2013, against the United States Congress. (Dkt. No. 1). This action was then automatically referred to a Magistrate Judge for pre-trial handling pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2)(e) DSC. Under established local procedure in this district, the Magistrate Judge conducted a careful review of the *pro se* complaint pursuant to the provisions of 28 U.S.C. § 1915. The Magistrate Judge then issued the present R&R recommending the Court dismiss this action without prejudice and without issuance and service of process. (Dkt. No. 11). Plaintiff did not file timely objections to the R&R.

1

**Legal Standard**

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility for making a final determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). This Court is charged with making a de novo determination of those portions of the R&R to which specific objection is made. Additionally, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). This Court may also "receive further evidence or recommit the matter to the magistrate judge with instructions." *Id.*

Under 28 U.S.C. § 1915(e)(2)(B), the court shall dismiss an action filed *in forma pauperis* if it determines that the action: "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."

In reviewing these pleadings, the Court is mindful of Plaintiff's *pro se* status. This Court is charged with liberally construing the pleadings of a *pro se* litigant. *See, e.g., De'Lonta v. Angelone*, 330 F.3d 630, 633 (4th Cir. 2003). The requirement of a liberal construction does not mean, however, that the Court can ignore a plaintiff's clear failure to allege facts that set forth a cognizable claim, or that a court must assume the existence of a genuine issue of material fact where none exists. *See United States v. Wilson*, 699 F.3d 789, 797 (4th Cir. 2012).

**Discussion**

After careful review of the record and the R&R, the Court finds the Magistrate Judge accurately summarized the facts and applicable law and therefore adopts the R&R as the order of the Court. The Court agrees that this action should be dismissed under 28 U.S.C. § 1915 because

members of Congress are immune from suit because of legislative immunity and because Plaintiff lacks standing to bring this claim.

## Conclusion

For the reasons set forth above, the Court agrees with and adopts the R&R as the order of the Court. (Dkt. No. 11). Accordingly, the Court dismisses this action without prejudice and without issuance and service of process.

_____
Richard Mark Gergel
United States District Court Judge

August 8, 2013
Charleston, South Carolina

3